BETSY C. MANIFOLD (182450)
RACHELE R. BYRD (190634)
STEPHANIE AVILES (350289)
**WOLF HALDENSTEIN ADLER**
  **FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: (619) 239-4599
Facsimile: (619) 234-4599
manifold@whafh.com
byrd@whafh.com
saviles@whafh.com

*Attorneys for Lead Plaintiff*
*Movant Brandon Barclay*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUSTAFA OMAR ALJENDAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BEYOND MEAT, INC., ETHAN BROWN, and LUBI KUTUA,<br>Defendants. | Case No.: 2:26-cv-00742-FMO-PVC<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOVANT BRANDON BARCLAY FOR APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL**<br><br>Judge: Fernando M. Olguin<br>Date: April 23, 2026<br>Time: 10:00 a.m.<br>Courtroom: 6D |

MEMO OF LAW IN SUPPORT OF MOVANT BRANDON BARCLAY FOR
APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL

**STATEMENT OF THE ISSUES TO BE DECIDED**

1.      Whether the Court should appoint Brandon Barclay ("Movant Barclay") as Lead Plaintiff for the Class pursuant to 15 U.S.C. §78u-4(a)(3)(B); and

2.      Whether the Court should approve Movant Barclay's selection of Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") as Lead Counsel pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v).

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

Movant Barclay, by and through his undersigned counsel, respectfully submits this memorandum of points and authorities in support of his motion for: (1) appointment as Lead Plaintiff pursuant to § 21D of the Securities and Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the PSLRA; and (2) approval of his selection of Wolf Haldenstein to serve as Lead Counsel for the class.

The PSLRA provides that the court is to appoint as lead plaintiff the member or members of the purported plaintiff class with the largest financial interest in the action that otherwise satisfies the requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii). As demonstrated below, Movant Barclay should be appointed to serve as Lead Plaintiff because: (1) his motion for appointment is timely filed; (2) based on information presently available, Movant Barclay has the largest financial interest in this litigation; and (3) his is an adequate and typical Class member. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii) (describing the PSLRA standard for lead plaintiff appointment); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002) (same). In addition, Movant Barclay's selection of Wolf Haldenstein to serve as Lead Counsel for the Class should be approved. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) ("The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."). Wolf Haldenstein has a long history of successfully litigating securities class actions

MEMO OF LAW IN SUPPORT OF MOVANT BRANDON BARCLAY FOR APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL

and possesses the necessary resources to aggressively prosecute this action on behalf of the putative Class.

## II.     FACTUAL BACKGROUND

Beyond Meat is a plant-based meat company that engages in the development, manufacture, marketing, and sale of plant-based meat products.

On January 23, 2026, Plaintiff Mustafa Omar Aljendan filed a putative class action complaint asserting claims for violation of Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder, in addition to Section 20(a) of the Exchange Act. The complaint alleges that defendants failed to disclose to investors that the book value of certain of Beyond Meat's long-lived assets exceeded their fair value, making it highly likely that Beyond Meat would be required to record a material, non-cash impairment charge; and that the foregoing was likely to impair Beyond Meat's ability to timely file its periodic filings with the U.S. Securities and Exchange Commission.

The complaint further alleges that Defendants repeatedly emphasized that they were rigidly focused on operating expense reduction, gross margin expansion, and broader operational efficiency and optimization at the expense of other aspects of the Company's business, such as revenue growth, which they explicitly deemphasized as a business concern.

## III.    ARGUMENT

### A. Movant Barclay Should Be Appointed Lead Plaintiff

#### 1. Movant Barclay's Motion Is Timely

Within 20 days of filing a securities class action, the plaintiff must publish a notice informing putative class members of their right to file a motion for appointment as lead plaintiff (the "Notice"). 15 U.S.C. § 78u-4(a)(3)(A)(i). Following the commencement of this action, on January 23, 2026, counsel for Plaintiffs published notice of pendency of the action via *Access Newswire*. *See* Manifold Decl., Ex. D. Because the Notice was published within 20 days of the initiation of the action, notice

MEMO OF LAW IN SUPPORT OF MOVANT BRANDON BARCLAY FOR
APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL

was timely. *See Miami Police Relief & Pension Fund v. Fusion-io, Inc.*, No. 13-CV-05368-LHK, 2014 WL 2604991, at *4 (N.D. Cal. June 10, 2014) (finding notice "timely because it was published within 20 days after the filing of the complaint").

All putative Class members seeking to be appointed lead plaintiff in this matter are required to move for appointment within 60 days of publication of the Notice. 15 U.S.C. § 77z-1(a)(3)(A)-(B). Since the instant motion was filed within 60 days from the publication of the Notice, it is timely. 15 U.S.C. § 77z-1(a)(3)(A)(i)(II). Moreover, Movant Barclay has submitted a certification and declaration stating his willingness and ability to serve as a representative party on behalf of the Class. *See* Manifold Decl., Exs. A & C.

**2. Movant Barclay Has the Largest Financial Stake in the Relief Sought by the Class**

The PSLRA provides that courts "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the 'most adequate plaintiff') in accordance with this subparagraph." 15 U.S.C. § 78u-4(a)(3)(B)(i). Furthermore, there is a rebuttable "presumption that the most adequate plaintiff in any private action arising under this [title]" is the movant that "has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb); *see also Richardson v. TVIA, Inc.*, No. C 06 06304 RMW, 2007 WL 1129344, at *2 (N.D. Cal. Apr. 16, 2007) (discussing the PSLRA lead plaintiff appointment process); *Feyko v. Yuhe Int'l Inc.*, No. CV 11- 05511 DDP (PJWx), 2012 WL 682882, at *2 (C.D. Cal. Mar. 2, 2012) (same) (citing *Cavanaugh*, 306 F.3d at 730). "District courts 'have typically considered the "Olsten–Lax" factors to determine who has the largest financial interest: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered.'" *Knox v. Yingli Green Energy Holding Co. Ltd.*, 136 F. Supp. 3d 1159,

- 3 -

1163 (C.D. Cal. 2015) (quoting *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998), and *Lax v. First Merchs. Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997)). "Of the Olsten-Lax factors, courts consider the fourth factor, the approximate losses suffered, as most determinative in identifying the plaintiff with the largest financial loss." *Richardson*, 2007 WL 1129344, at *4.

Based on the information presently available, Movant Barclay has the largest financial interest in the relief sought in this litigation. As set forth in his certification, Movant Barclay has a financial interest of approximately $225,132. Manifold Decl., Ex. B (Loss Chart).  Given that Movant Barclay has the largest financial interest in this litigation and, as discussed below, satisfies all of the PSLRA prerequisites for appointment as Lead Plaintiff, he should be appointed Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B).

### 3.  Movant Barclay Is Otherwise Qualified Under Rule 23

Pursuant to § 21D(a)(3)(B) of the Exchange Act, a proposed lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). Of the four prerequisites, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the court need only make findings as to the typicality and adequacy of the proposed lead plaintiff and, at this stage, those findings need only be "preliminary." *See*, *e.g.*, *Westley v. Oclaro, Inc.*, No. C-11-2448 EMC, 2011 WL 4079178, at *2 (N.D. Cal. Sept. 12, 2011) (noting that only a "preliminary showing"

- 4 -

MEMO OF LAW IN SUPPORT OF MOVANT BRANDON BARCLAY FOR APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL

of typicality and adequacy satisfies Rule 23 at the lead plaintiff stage).

The typicality requirement of Rule 23(a)(3) is satisfied when the representative party "'has suffered the same injuries as other class members as a result of the same conduct by defendants and has claims based on the same legal issues.'" *Id*. Here, Movant Barclay's claims are typical of the claims of the other members of the putative Class because, like all other Class members, Movant Barclay: (1) purchased Beyond Meat securities during the Class Period; (2) was adversely affected by Defendants' false and misleading statements and otherwise fraudulent conduct; and (3) suffered damages as a result thereof. *See Russo v. Finisar Corp.*, No. 5-CV-11-01252-EJD, 2011 WL 5117560, at *4 (N.D. Cal. Oct. 27, 2011) (discussing ways in which a lead plaintiff movant can meet the typicality requirement). Since the claims asserted by Movant Barclay are based on the same legal theories and arise "from the same event or practice or course of conduct that gives rise to the claims of other class members," typicality is satisfied. *See* Alba Conte & Herbert B. Newberg, NEWBERG ON CLASS ACTIONS § 3:13 (4th ed. 2008).

With respect to adequacy, a movant is an adequate class representative when it possesses common interests and an absence of conflict with fellow class members and the movant attorneys are qualified, experienced, and vigorously able to conduct the litigation. *See Westley*, 2011 WL 4079178, at *2 (explaining that, with regard to the adequacy requirement, a court must evaluate "'whether: (1) the lead plaintiff's claims conflict with those of the class; and (2) class counsel is qualified, experienced, and generally able to conduct the litigation'"). Movant Barclay satisfies the "adequacy" requirement in the instant litigation because his interests are clearly aligned with the interests of the putative Class. Moreover, Movant Barclay, like all other members of the Class, suffered losses as a result of purchasing Beyond Meat securities at prices that were artificially inflated due to Defendants' alleged fraudulent misconduct. Movant Barclay will, therefore, benefit from the same relief as other Class members. In short, there is absolutely no evidence of antagonism between Movant Barclay and

MEMO OF LAW IN SUPPORT OF MOVANT BRANDON BARCLAY FOR APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL

the putative Class.

Movant Barclay has also demonstrated that he is an adequate representative in this matter by having retained competent and experienced counsel. As shown below, Wolf Haldenstein is highly qualified, experienced, and able to conduct this complex litigation in a professional manner. Accordingly, Movant Barclay has made a *prima facie* showing that he satisfies all of the requirements of Rule 23 for the purposes of its motion.

### 4. The Court Should Approve Movant Barclay's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court approval. *See* 15 U.S.C. § 77z-1(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 734-35. As such, this Court should not disturb the lead plaintiff choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa); *see also In re Cohen*, 586 F.3d 703, 712 (9th Cir. 2009) ("[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice.") (citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001)); *Cavanaugh*, 306 F.3d at 733 n.12. Movant Barclay has selected the law firm of Wolf Haldenstein to serve as Lead Counsel in this litigation. Wolf Haldenstein has significant experience in the prosecution of securities class actions and as its history illustrates, Wolf Haldenstein will vigorously prosecute this case on behalf of Movant Barclay and the putative Class.[1]  Wolf Haldenstein is also currently

---

[1]  Recoveries obtained by Wolf Haldenstein include *In re Beacon Associates Litigation*, Master File No. 09 Civ. 0777 (LBS) (S.D.N.Y.) ($219 million); *Roberts v. Tishman Speyer*, No. 100956/2007 (Sup. Ct. N.Y. Cty.) ($173 Million); *In re Direxion Shares ETF Trust*, No. 09-Civ-8011 (KBF) (S.D.N.Y.) ($8 million); *In re BankAmerica Corp. Securities Litigation,* MDL Docket No. 1264 (JFN) (E.D. Mo.) ($490 million); *In re MicroStrategy, Inc. Securities Litigation,* Civ. No. 00-473-A (E.D. Va.) ($160 million); *Kurzweil v. Philip Morris Cos.,* 94 Civ. 2373, 94 Civ. 2546 (S.D.N.Y.) ($116.5 million); *In re Starlink Corn Products Liability Litigation,* (N.D. Ill.) ($110 million); *In Computer Associates 2002 Class Action Sec. Litigation,* 2:02-

MEMO OF LAW IN SUPPORT OF MOVANT BRANDON BARCLAY FOR APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL

serving as lead or co-lead counsel in numerous securities class actions pending in other United States District Courts.[2] *See also* Manifold Decl., Ex. E (Firm Résumé).

In light of the foregoing, the Court should approve Movant Barclay's selection of Wolf Haldenstein as Lead Counsel for the securities claims. The Court can be assured that by approving Movant Barclay's choice of counsel, the putative Class will receive the highest caliber of representation.

## IV.   CONCLUSION

For all of the foregoing reasons, Movant Barclay respectfully requests that the Court appoint him as Lead Plaintiff and approve his selection of Wolf Haldenstein to serve as Lead Counsel.

DATED: March 24, 2026          Respectfully submitted,

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

By:     */s/ Betsy C. Manifold*
         Betsy C. Manifold

BETSY C. MANIFOLD (182450)
RACHELE R. BYRD (190634)
STEPHANIE AVILES (350289)
750 B Street, Suite 1820
San Diego, CA 92101

---

CV-1226 (E.D.N.Y.) ($130 million); *In re Sepracor Inc. Securities Litigation*, Civ. No. 02-12338 (MEL) (D. Mass.) ($52.5 million); *In re Transkaryotic Therapies, Inc., Securities Litigation*, C.A. No. 03-10165-RWZ (D. Mass) ($50 million); *In re Iridium Securities Litigation,* C.A. No. 99-1002 (D.D.C.) ($43 million); *LaVoice v. Citigroup Global Markets, Inc*., Case No. C 07-801 (CW) (N.D. Cal.)) ($108 million); *Steinberg v. Morgan Stanley & Co., Inc.*, Case No. 06-cv-2628 (BEN) (S.D. Cal.) ($50 million). *Poole v. Merrill Lynch, Pierce, Fenner & Smith Inc.,* Case No. CV-06-1657 (D. Or.) ($43.5 million).

[2] Current lead counsel appointments in securities class actions include *Britton v. Polestar Automotive Holding UK PLC, et al.,* Case No. 2:25-cv-00840 (D. N.J.) and *In re Bitfarms Ltd., Sec. Litig*., Case No. 1:25-cv-02630-ENV-CLP (E.D.N.Y.)

MEMO OF LAW IN SUPPORT OF MOVANT BRANDON BARCLAY FOR APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL

Telephone: (619) 239-4599
Facsimile: (619) 234-4599
manifold@whafh.com
byrd@whafh.com
saviles@whafh.com

*Attorneys for Movant Brandon Barclay*

- 8 -
MEMO OF LAW IN SUPPORT OF MOVANT BRANDON BARCLAY FOR
APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL

## **L.R. 11-6.1 CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Movant Brandon Barclay, certifies that this brief contains 2456 words, which complies with the word limit of L.R. 11-6.1.

DATED: March 24, 2026

/s/ Betsy C. Manifold
Betsy C. Manifold

MEMO OF LAW IN SUPPORT OF MOVANT BRANDON BARCLAY FOR APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2026, I electronically filed the foregoing with the Clerk using CM / ECF, which will send notification via electronic means to all counsel of record.

DATED: March 24, 2026

/s/ Betsy C. Manifold
Betsy C. Manifold

MEMO OF LAW IN SUPPORT OF MOVANT BRANDON BARCLAY FOR APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL