Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead
Plaintiff and for the Class*

*Additional Counsel on Signature Page*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUSTAFA OMAR ALJENDAN, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> BEYOND MEAT, INC., ETHAN BROWN, and LUBI KUTUA, and MARK LIN, <br><br> Defendants. | Case No. 2:26-cv-00742-FMO-PVC <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF FRANCIS FARQUHAR-OLIVER FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL** <br><br> <u>CLASS ACTION</u> <br><br> JUDGE: Fernando M. Olguin <br> HEARING: April 23, 2026 <br> TIME: 10:00 a.m. <br> CTRM: 6D |

1

# **TABLE OF CONTENTS**

I.    PERTINENT BACKGROUND .........................................................................4

II.   MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF .........................6

   A.   Movant is Willing to Serve as Class Representative ....................................7

   B.   Movant has the Largest Financial Interest in the Action ..............................8

   C.   Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure...............................................................................................................8

   D.   Movant Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses .......................................................................10

III.  MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED ......11

IV.  CONCLUSION............................................................................................12

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF FRANCIS FARQUHAR-OLIVER FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL – 2:26-cv-00742-FMO-PVC

# TABLE OF AUTHORITIES

**Cases**

*In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002) ......................... 7, 8, 9, 10

*Richardson v. TVIA*, 2007 WL 1129344 at * 4 (N.D. Cal. Apr. 16, 2007)........8, 10

**Statutes**

15 U.S.C. § 78u-4 ..................................................................................... passim

**Rules**

Fed. R. Civ. P. 23.......................................................................................8, 9, 10

3

## MEMORANDUM OF POINTS AND AUTHORITIES

Movant Francis Farquhar-Oliver ("Movant") respectfully submits this memorandum in support of his motion for an Order, pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1) appointing Movant as Lead Plaintiff for (other than Defendants) all purchasers and acquirers of Beyond Meat, Inc. ("Beyond Meat" or the "Company") securities between February 27, 2025 and November 11, 2025, inclusive (the "Class Period"), to recover damages caused by Defendants' violations of the federal securities laws (the "Class"); and

(3) appointing The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel for the Class.

## I.    PERTINENT BACKGROUND

On January 23, 2026, this action was commenced against Beyond Meat, Ethan Brown, and Lubi Kutua (collectively, "Defendants") for violations under the Exchange Act. That same day, a PSLRA early notice advising potential class members of, among other things, the claims alleged in this case, the Class Period, and the 60-day deadline for class members to move this Court to be appointed as lead plaintiff was issued. A copy of the early notice is attached as Exhibit 1 to the

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF FRANCIS FARQUHAR-OLIVER FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL – 2:26-cv-00742-FMO-PVC

Declaration of Laurence M. Rosen filed herewith ("Rosen Decl." or "Rosen Declaration").

Defendant Beyond Meat sells plant-based meat products under the "Beyond" brand name. The complaint alleges that throughout the Class Period, Defendants made materially false and/or misleading statements and/or failed to disclose that: (1) the book value of certain of Beyond Meat's long-lived assets exceeded their fair value, making it highly likely that Beyond Meat would required to record a material, non-cash impairment charge; (2) the foregoing was likely to impair Beyond Meat's ability to timely file its periodic filings with the SEC; and (3) as a result, Defendants' public statements were materially false and misleading at all relevant times.

Then, on October 24, 2025, Beyond Meat filed a current report with the SEC, reporting Beyond Meat's preliminary Q3 2025 financial results. In this current report, Defendants revealed that Beyond Meat expected "to record a non-cash impairment charge for the three months ended September 27, 2025, related to certain of its long-lived assets," which it expected to be material. On this news, Beyond Meat's stock price fell 23.06%, to close at $2.185 per share on October 24, 2025.

On November 3, 2025, Beyond Meat issued a press release announcing that it would delay reporting its Q3 2025 financial results, citing a need for additional

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF FRANCIS FARQUHAR-OLIVER FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL – 2:26-cv-00742-FMO-PVC

time to complete its impairment review. On this news, Beyond Meat stock fell 16%, to close at $1.39 per share on November 3, 2025.

On November 10, 2025, Beyond Meat announced its Q3 2025 financial results. Beyond Meat announced a Q3 operations loss of $112.3 million for the quarter, including $77.4 million in non-cash impairment charges related to certain long-lived assets. On this news, Beyond Meat stock fell 8.96%, to close at $1.22 per share on November 11, 2025.

Then, post-market on November 11, 2025, Beyond Meat held a conference call in which Defendant Kutua disclosed that "[t]he total impairment amount of $77.4 million was . . . allocated to PP&E, operating lease ROU assets and prepaid lease costs on our balance sheet."

On this news, Beyond Meat stock fell 8.61%, to close at $1.115 per share on November 12, 2025.

As a result of Defendants' wrongful acts and omissions, and the dramatic decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## ARGUMENT

## II.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA

6

directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice …;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

As set forth below, Movant satisfies the above criteria, has the largest financial interest of any movant in this litigation, and is therefore the most adequate plaintiff and should be appointed as Lead Plaintiff.

**A. Movant is Willing to Serve as Class Representative**

Movant has made a timely motion in response to a PSLRA early notice. *See* Rosen Decl., Ex. 1. Additionally, as set forth in his PSLRA certification, Movant

7

attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as representative of the class. *See* Rosen Decl., Ex. 2. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the class.

### B. Movant has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff … is the person or group … that … has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 730. While the PSLRA does not specify precisely how to calculate the "largest financial interest", a movant's approximate losses in the subject securities is the best measure. *Richardson v. TVIA*, 2007 WL 1129344 at * 4 (N.D. Cal. Apr. 16, 2007) (citing cases).

Movant lost approximately $159,924.10 in connection with his purchases of Beyond Meat securities. *See* Rosen Decl., Ex. 3. Movant is not aware of any other movant that has suffered greater losses in the Company's securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise

8

satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Fed. R. Civ. P. 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

(1) the class is so numerous that joinder of all members is impracticable,

(2) there are questions of law or fact common to the class,

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that Movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification—a *prima facie* showing that Movant satisfies the requirements of Rule 23 is sufficient. *Cavanaugh*, 306 F.3d at 730. At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus…" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson*, 2007 WL 1129344, at * 4 (citing *Cavanaugh*, 306 F.3d at 730).

Movant fulfills all of the pertinent requirements of Rule 23. Movant shares substantially similar questions of law and fact with the members of the class, and his claims are typical of the members of the class. Movant and all members of the class allege that defendants violated the Exchange Act by publicly disseminating false and misleading statements about Beyond Meat and its business. Movant, as did all of the members of the class, purchased the Company's securities at prices artificially inflated due to defendants' misrepresentations and omissions, and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative party be typical of the claims of the class.

Thus, the close alignment of interests between Movant and other class members, as well as Movant's desire to prosecute this action on behalf of the class, provides ample reason to appoint Movant as Lead Plaintiff.

**D. Movant Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses**

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa)   will not fairly and adequately protect the interest of the class; or
>
> (bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

10

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Movant's ability and desire to fairly and adequately represent the class has been discussed above. Movant is not aware of any unique defenses that defendants could raise against him that would render Movant inadequate to represent the Class. Accordingly, the Court should appoint Movant as Lead Plaintiff for the Class.

Further, Movant has sixteen total years of investing experience, and works as a self-employed financial analyst as well as a part-time caregiver. Movant lives in Ledbury, England.

### III. MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with the lead plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Law as Lead Counsel. The firm has been actively researching the class' and Movant's claims including reviewing publicly available financial and other documents and gathering information in support of the claims against the defendants. Furthermore, the firm is experienced in the area of securities litigation and class actions. The firm has prosecuted securities fraud class actions and other complex litigations and has obtained substantial recoveries on behalf of investors. *See* Rosen Decl., Ex. 4.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF FRANCIS FARQUHAR-OLIVER FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL – 2:26-cv-00742-FMO-PVC

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge that will enable the firm to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## IV.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) appointing Movant as Lead Plaintiff of the class; (2) approving Rosen Law Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated:   March 24, 2026                    Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**
/s/ Laurence Rosen, Esq.
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and for the Class*

**THE SCHALL LAW FIRM**
Brian Schall (290685)
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: (310) 301-3335

12

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF FRANCIS FARQUHAR-OLIVER FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL – 2:26-cv-00742-FMO-PVC

brian@schallfirm.com

*Additional Counsel for Movant*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF FRANCIS FARQUHAR-OLIVER FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL – 2:26-cv-00742-FMO-PVC

## CERTIFICATE OF WORD COUNT

The undersigned, counsel of record for Francis Farquhar-Oliver certifies that this brief contains 1,816 words, which complies with the word limit of L.R. 11-6.1.

Executed on March 24, 2026.

/s/ Laurence M. Rosen
Laurence M. Rosen

## CERTIFICATE OF SERVICE

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing attorney of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071.  I am over the age of eighteen.

On March 24, 2026, I electronically filed the following **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF FRANCIS FARQUHAR-OLIVER FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on March 24, 2026.

/s/ Laurence Rosen
Laurence M. Rosen

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF FRANCIS FARQUHAR-OLIVER FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL – 2:26-cv-00742-FMO-PVC