LATHAM & WATKINS LLP
  Michele D. Johnson (Bar No. 198298)
    *michele.johnson@lw.com*
  Ryan A. Walsh (Bar No. 294506)
    *ryan.walsh@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Tel.: +1.714.540.1235; Fax: +1.714.755.8290

  Heather A. Waller (admitted *Pro Hac Vice*)
    *heather.waller@lw.com*
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Tel.: +1.312.876.7700; Fax: +1.312.993.9767

*Attorneys for Defendants Beyond Meat, Inc.,
Ethan Brown, and Lubi Kutua*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE BEYOND MEAT, INC. SECURITIES LITIGATION | Case No. 2:26-cv-00742-FMO-PVC <br><br> <u>Class Action</u> <br><br> **UNOPPOSED REQUEST FOR INCORPORATION BY REFERENCE AND JUDICIAL NOTICE OF DOCUMENTS IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT** |
| THIS DOCUMENT RELATES TO: <br><br> All Actions | Hearing: <br> Date:  October 29, 2026 <br> Time:  10:00 a.m. <br> Place:  Courtroom 6D <br><br> Hon. Fernando M. Olguin |

Pursuant to Federal Rule of Evidence 201 and the incorporation-by-reference doctrine, Defendants Beyond Meat, Inc. ("Beyond"), Ethan Brown, and Lubi Kutua (collectively, "Defendants"), respectfully request that the Court incorporate by reference or take judicial notice of certain below-identified disclosures in Beyond's quarterly and annual SEC filings issued during the Class Period and referenced extensively throughout the Amended Complaint ("AC"). Plaintiffs do not object to Defendants' request. *See* Declaration of R. Walsh ¶ 7.

These four documents form the basis of Plaintiffs' claims, including because they are the sources of the challenged statements. And, the fact that the specifically identified information therein was disclosed to Beyond's investors cannot reasonably be questioned; all four documents are publicly available SEC filings. The documents are attached to the Declaration of Ryan A. Walsh ("Declaration") as **Exhibits 1-4** and filed concurrently with the Defendants' Motion to Dismiss the AC ("Motion to Dismiss"). The specific disclosures on which Defendants rely and why each is subject to the incorporation by reference doctrine or judicial notice are detailed below.

| Exhibit No. | Description |
| --- | --- |
| 1 | Beyond's Annual Report on Form 10-K for the fiscal year ended on December 31, 2024 filed with the SEC on March 5, 2025, which is publicly available at https://www.sec.gov/edgar ("FY 2024 10-K") |
| 2 | Beyond's Form 10-Q for the quarterly period ended on March 29, 2025, filed with the SEC on May 8, 2025, which is publicly available at https://www.sec.gov/edgar ("Q1 2025 10-Q") |
| 3 | Beyond's Form 10-Q for the quarterly period ended on June 28, 2025, filed with the SEC on August 8, 2025, which is publicly available at https://www.sec.gov/edgar ("Q2 2025 10-Q") |

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW

Case No.: 2:26-cv-00742-FMO-PVC
DEFENDANTS' UNOPPOSED REQUEST FOR
JUDICIAL NOTICE ISO MOTION TO DISMISS

| 4 | Beyond's Form 10-Q for the quarterly period ended on September 27, 2025, filed with the SEC on November 12, 2025, which is publicly available at https://www.sec.gov/edgar ("Q3 2025 10-Q") |
|---|---|

## I.   LEGAL STANDARD

When resolving a motion to dismiss for failure to state a claim, a court should "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts.*, 551 U.S. 308, 322 (2007) (citation omitted); *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014). Consideration of matters subject to judicial notice does not convert a motion to dismiss into a motion for summary judgment. *United States v. 14.02 Acres of Land More or Less in Fresno Cnty.*, 547 F.3d 943, 955 (9th Cir. 2008).

**Incorporation by Reference.** "Pursuant to the judicially created incorporation-by-reference doctrine, courts may consider an external document to be part of the complaint itself," thereby "prevent[ing] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Alghazwi v. Beauty Health Co.*, 801 F. Supp. 3d 982, 999 (C.D. Cal. 2025) (quoting *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018)). The incorporation-by-reference doctrine applies "where the complaint 'necessarily relies' upon a document or where the complaint alleges the contents of the document and the document's authenticity and relevance is not disputed." *In re Facebook, Inc. Sec. Litig.*, 477 F. Supp. 3d 980, 1008 (N.D. Cal. Aug. 7, 2020); *see also In re SunPower Corp. Sec. Litig.*, 2018 WL 4904904, at *3 n.2 (N.D. Cal. Oct. 9, 2018) (stating that a document can be incorporated by reference if the complaint "refers extensively to the document or the document forms the basis of the plaintiff's claim"). "Once a

3

document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *Waswick v. Torrid Holdings, Inc.*, 2023 WL 9197563, at *2 (C.D. Cal. Dec. 1, 2023) (quoting *NVIDIA*, 768 F.3d at 1058 n.10).

**Judicial Notice.** Federal Rule of Evidence 201 also permits a court to take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court "may take judicial notice of matters of public record" and other information reflected in public sources. *Alghazwi*, 801 F. Supp. 3d at 1000; *Metzler Inc. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (concluding that taking judicial notice of publicly available documents such as "reported stock price history and other publicly available financial documents," including "SEC filings" was proper).

Taking judicial notice of documents referenced in the complaint ensures that a plaintiff bringing a meritless claim cannot overcome a motion to dismiss and gain the right to engage in extensive discovery or extract an unwarranted settlement, simply by selectively citing portions of the defendant's public statements out of context. *See, e.g.*, *Kennard v. Lamb Weston Holdings, Inc.*, 2019 WL 1586022, at *1 n.2 (N.D. Cal. Apr. 12, 2019) (stating that a plaintiff cannot survive motion to dismiss by "omitting references to documents upon which their claims are based") (quoting *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998)).

For these reasons, courts in the Ninth Circuit "routinely take judicial notice of" publicly available documents in ruling on motions to dismiss complaints alleging fraud under the federal securities laws. *In re Hansen Nat. Corp. Sec. Litig.*, 527 F. Supp. 2d 1142, 1149 n. 2 (C.D. Cal. 2007) (taking judicial notice of defendant's SEC filings despite plaintiff's objection); *In re Splunk Inc. Sec. Litig.*, 592 F. Supp. 3d 919, 930 (N.D. Cal. 2021) (taking judicial notice of SEC filings, investor and analyst

4

calls, and historical stock price data in securities fraud case); *Lamartina v. VMware, Inc.*, 2021 WL 4133851, at *5 (N.D. Cal. Sept. 10, 2021) (taking judicial notice of SEC filings and earnings call transcripts).

## II.    ARGUMENT

### A.    The Court Should Consider All Exhibits Incorporated By Reference

**Exhibits 1-4** are Beyond's publicly available 2024 annual Form 10-K and 2025 quarterly Form 10-Q SEC filings from the putative Class Period.  As detailed in the chart below, Plaintiffs cite, quote, and rely on each document extensively. Indeed, these SEC filings are the primary sources of the challenged statements, and therefore the documents "form the basis" of Plaintiffs' complaint.  *Evanston Police Pension Fund v. McKesson Corp.*, 411 F. Supp. 3d 580, 592-93 (N.D. Cal. 2019) (citing *Khoja*, 899 F.3d at 1002-1005); *see also In re Pivotal Sec. Litig.*, 2020 WL 4193384, at *4 (N.D. Cal. July 21, 2020) (holding that documents that "allegedly contain materially false or misleading statements" are subject to incorporation by reference because they "form the basis of Plaintiffs' complaint").

In securities cases, courts regularly find that such documents are incorporated by reference.  *See, e.g.*, *Khoja*, 899 F.3d at 1006 (district court did not abuse discretion to incorporate Form S-8 Registration Statement into complaint where the filing was referenced twice in complaint and formed the basis of plaintiff's claims); *Alghazwi*, 801 F. Supp. 3d at 999; *SunPower*, 2018 WL 4904904, at *3 n.2. Accordingly, because Plaintiffs "rel[y] upon the[se] exhibits, quote[] them, [and] refer[] to them in the . . . Complaint," the Court should treat them as incorporated by reference. *Petersen v. TriplePoint Venture Growth BDC Corp.*, 2024 WL 5384678, at *2 (N.D. Cal. Aug. 7, 2024).

For the Court's reference, Defendants identify in the chart below the specific facts within each Exhibit on which they rely in the accompanying Motion to Dismiss.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

Case No.: 2:26-cv-00742-FMO-PVC
DEFENDANTS' UNOPPOSED REQUEST FOR
JUDICIAL NOTICE ISO MOTION TO DISMISS

| Exhibit No. | Document | Cited in AC | Cited in Motion to Dismiss |
|---|---|---|---|
| 1 | FY 2024 10-K | ¶ 70-71, 91-92, 143-50 (alleging material misstatements in Ex. 1, Beyond's FY 2024 10-K, regarding the value of and internal controls over, and risk disclosures on long-lived assets) | Section II.A. (Beyond disclosed that the Global Operations Review carried risk; warned that it had recurring net losses and negative operating cash flow; warned that it was considering subleasing unoccupied space, which could result in an impairment; disclosed risk of inability to pay note obligations due in 2027, which could cause insolvency)<br><br>Section II.B. (Beyond told investors it may be required to substantially discount inventory; Beyond's independent auditor issued a clean audit opinion and identified in its audit opinion that Beyond's inventory provision is a critical audit matter)<br><br>Section III.A.1.c. (Beyond disclosed for fiscal years 2022 and 2023 that its gross profit was negatively impacted by write-down of inventory)<br><br>Section III.B.1.d. (Beyond disclosed that deteriorating conditions could lead to an impairment) |
| 2 | Q1 2025 10-Q | ¶¶ 93-94, 158-170 (alleging material misstatements in Ex. 2, | Section II.A. (Beyond warned investors that it would continue to operate at a loss |

6

Case No.: 2:26-cv-00742-FMO-PVC
DEFENDANTS' UNOPPOSED REQUEST FOR
JUDICIAL NOTICE ISO MOTION TO DISMISS

| Exhibit No. | Document | Cited in AC | Cited in Motion to Dismiss |
|---|---|---|---|
| | | Beyond's 2025 Q1 10-Q, regarding long-lived assets, inventory, debt costs, cost of goods sold, net loss, internal controls over financial reporting, and risk disclosures) | for the foreseeable future) <br><br> Section II.C. (Beyond announced financial results including a large inventory provision) <br><br> Section III.A.1.f. (Beyond warned it might not be able to repay the $1.1 billion in debt owed under the 2027 notes) <br><br> Section III.B.1.d. (Beyond disclosed that deteriorating conditions could lead to an impairment) |
| 3 | Q2 2025 10-Q | ¶¶ 95-96, 176-190 (alleging material misstatements in Ex. 3, Beyond's 2025 Q2 10-Q, long-lived assets, inventory, debt costs, internal controls over financial reporting, and risk disclosures | Section III.A.1.f. (Beyond warned it might not be able to repay the $1.1 billion in debt owed under the 2027 notes) <br><br> Section III.B.1.d. (Beyond disclosed that deteriorating conditions could lead to an impairment) |
| 4 | Q3 2025 10-Q | ¶¶ 102-104, 193-202 (alleging material misstatements in Ex. 4, Beyond's 2025 Q2 10-Q, regarding debt costs and inventory) | Section III.B.1.d. (Beyond disclosed that deteriorating conditions could lead to an impairment) |

While the Court can consider **Exhibits 1-4** in their entirety and assume their truth in deciding the Motion to Dismiss, *Torrid Holdings*, 2023 WL 9197563, at *2,

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

Case No.: 2:26-cv-00742-FMO-PVC
DEFENDANTS' UNOPPOSED REQUEST FOR
JUDICIAL NOTICE ISO MOTION TO DISMISS

Defendants seek incorporation specifically for the limited portions of the above-identified Exhibits.

### B.    The Court May Take Judicial Notice Of All Exhibits

Additionally, the above-referenced facts as to what Beyond disclosed to investors in **Exhibits 1-4** are subject to judicial notice because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Defendants ask the Court to take judicial notice of the specific facts within these publicly available documents "for the purpose of determining what information was available to the market." *Splunk*, 592 F. Supp. 3d at 930; *see also McGee v. Am. Oriental Bioengineering, Inc.*, 2014 WL 12586107, at *1 n.2 (C.D. Cal. Sept. 23, 2014) (taking judicial notice of defendants' public historical stock prices whose accuracy cannot reasonably be questioned).

It is well established that "SEC forms such as a Form 8-K or Form 10-K are matters of public record and may be subject to judicial notice." *Alghazwi*, 801 F. Supp. 3d at 1001 (taking judicial notice "of the existence of [] SEC filings and their contents"); *Glenbrook Cap. Ltd. P'ship v. Kuo*, 525 F. Supp. 2d 1130, 1137 (N.D. Cal. 2007) (taking judicial notice of Forms 8-K and 10-K because they "are publicly-available documents filed with the SEC"); *Reed v. Amira Nature Foods Ltd.*, 2016 WL 6571281, at *3 n. 4 (C.D. Cal. July 18, 2016) (taking judicial notice of defendants' prospectus, Form 20-F, and Form 6-K).

The Court may therefore take judicial notice of the above-identified disclosures within Beyond's Form 10-Qs and Form 10-K attached to the Declaration.

## III.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider **Exhibits 1-4** as they are incorporated by reference in the Complaint, judicially noticeable, or both.

Respectfully submitted,

Dated:  July 15, 2026

LATHAM & WATKINS LLP
    Michele D. Johnson
    Heather A. Waller
    Ryan A. Walsh


By:  */s/ Michele D. Johnson*
        Michele D. Johnson

*Attorneys for Defendants Beyond Meat, Inc., Ethan Brown, and Lubi Kutua*

9